FILED
SUPERIOR COURT
OF GUAM

2024 JAN -3 PM 4: 36

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>CUDDY JETERO,<br>DOB: 03/03/2001<br><br>Defendant. | CRIMINAL CASE NO. CF0439-19<br>GPD Police Report No.: 19-21598<br><br><br>**DECISION AND ORDER**<br>*Re: Motion for Reconsideration* |

This matter came before the Honorable Arthur R. Barcinas on October 3, 2023, for a hearing on Defendant Cuddy Jetero's ("Defendant") Motion for Reconsideration. Present at the hearing were: Defendant Cuddy Jetero ("Defendant") with counsel Assistant Public Defender Peter Sablan, and Assistant Attorney General Matthew Shuck for the People.

## BACKGROUND

On November 14, 2019, Defendant entered a guilty plea to ASSAULT (As a Misdemeanor) and CRIMINAL MISCHIEF (As a Misdemeanor). Defendant was sentenced to two years of imprisonment at the Department of Corrections, all but the mandatory 48 hours suspended, with credit for time served. *See* J. p. 2 (Jun. 16, 2020).

On July 6, 2022, Probation filed a 4th Violation Report indicating that Defendant failed to obey all laws of Guam and was charged in CF0445-22 for Burglary to a Motor Vehicle (As a 2nd Degree Felony) and Theft of Property (As a Petty Misdemeanor). That same day, Probation filed a 5th Violation Report indicating that Defendant failed to do the following: (1) report

monthly, (2) complete Client Services and Family Counseling intake and assessment, (3) to make payment towards $250.00 court fine and $80.00 court costs, and (4) perform and complete 180 hours community service. Then on July 15, 2022, the Court issued an Order and Penal Summons.

About two months later, on September 6, 2022, Probation filed a 6th Violation Report indicating that Defendant failed to not possess or consume any illegal controlled substances. Then on September 29, 2022, the Court issued an Order and Summons, again.

On October 5, 2022, Probation filed a 7th Violation Report indicating that Defendant failed to submit a urinalysis test. On December 13, 2022, the Court issued yet another Order and Summons.

A hearing on the 4th, 5th, 6th, and 7th violations was held on January 26, 2023, wherein Defendant failed to appear, and the Court issued a warrant for Defendant's arrest, setting bail at $1,000 cash. Defendant was committed to the Department of Corrections on March 3, 2023, and on March 10, 2023, the Court held a hearing on the return of warrant and the 4th, 5th, 6th, and 7th violations. The Court ruled from the bench, revoking Defendant's probation and sentencing Defendant to two (2) years of incarceration at the Department of Corrections, with credit for time served. On April 27, 2023, the Court issued an Order after Hearing memorializing its ruling.

On March 10, 2023, Defendant filed the Motion for Reconsideration, in which Defendant offered no argument but merely stated that Defendant "had a difficult time completing the required conditions and even at some parts of his probation, he was alleged to have committed new crimes." Mot., at 1. The only authority that Defendant offered is 9 GCA Section 80.66(b), noting that the Court has authority to sentence a defendant who has been

revoked to any sentence that might have been imposed originally, followed by a request to impose an amount of incarceration time less than the maximum sentence.

On March 20, 2023, the People filed their opposition, arguing that Defendant "has failed entirely to present new evidence, show clear error, a change in controlling law, and thus fails to demonstrate any proper basis for reconsideration," and that Defendant wishes to avail himself of arguments he already presented or were already available at the time of the Court's decisions. Opp., at 2. Defendant filed no reply to the opposition.

On October 3, 2013, the Court heard arguments on the Motion for Reconsideration, during which Defendant requested the Court reconsider and reduce the sentence to one (1) year. The People opposed the reduction as being statutorily impermissible. The Court subsequently took the matter under advisement.

## DISCUSSION

Post-judgment motions for reconsideration may be filed in criminal cases. *U.S. v. Martin*, 226 F.3d 1042 (9th Cir. 2000). Where no rule of criminal procedure addresses motions for reconsideration, the standards applied to such motions in civil cases are applicable to criminal cases. *See, e.g. U.S. v. Lucarelli*, 490 F.Supp.2d 295 (D. Conn. 2007).

Motions for reconsideration are appropriate where the trial court: (1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) there is an intervening change in controlling law. *Ward v. Reyes*, 1998 Guam 1 ¶ 10.

In his Motion for Reconsideration, Defendant has not presented any new evidence, demonstrating that the Court's previous decision was in error or manifestly unjust, or shown any intervening change in controlling law. Without any basis for reconsideration save

Defendant's allegations that he had difficulty completing the required conditions of his probation, the Court must **DENY** Defendant's Motion for Reconsideration.

## CONCLUSION

Having reviewed the record, pleadings, and the applicable law, the Court hereby **DENIES** Defendant's Motion for Reconsideration.


**IT IS SO ORDERED** _____JAN 0 3 2024_____.


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_____AG, PDSC_____

Date: _1/3/24_ Time: _4:46pm_
_Albert Cablio_
Deputy Clerk, Superior Court of Guam